UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DCSTAR INC.,

      PLAINTIFF,

V.

THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A,

      DEFENDANTS.

CASE NO.: 1:25-CV-03446

## COMPLAINT

Plaintiff, DCSTAR INC. ("DCSTAR" or "Plaintiff"), by its undersigned counsel, hereby complains of the Partnerships identified on Schedule A, attached as Exhibit 2 hereto (collectively, "Defendants"), which use at least the online marketplace accounts identified therein (collectively, the "Defendant Internet Stores"), and for its Complaint hereby alleges as follows:

## THE PARTIES

1.     DCSTAR was incorporated in 2017, and is based out of New York. Its registered address is 228 Park Ave S #30327, New York, NY 10003.

2.     On information and belief, the Defendantsreside in foreign jurisdictions outside of the United States, with physical addresses unknown to Plaintiff, at this time.

## JURISDICTION AND VENUE

3.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq*., 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

1

4.      This Court has personal jurisdiction over each Defendant, in that each Defendant conducts business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit were undertaken in Illinois and within this Judicial District.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b), since each Defendant directly targets consumers in the United States, including Illinois, through the fully interactive, commercial Internet stores operating under the Defendant Internet Stores. Each Defendant is committing tortious acts, is engaging in interstate commerce, and has wrongfully caused substantial injury in the State of Illinois.

## NATURE OF THE ACTION

6.      This is a civil action for infringement under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

7.       The Defendants have infringed Plaintiff's U.S. Patent No. 11,478,575 (the "'575 Patent").

8.      Plaintiff is the legal owner by assignment of the '575 Patent, which was duly and legally issued by the United States Patent and Trademark Office. Plaintiff seeks injunctive relief and monetary damages.

## FACTUAL BACKGROUND

9.      DCSTAR is a corporation which focuses on creating novel medical and health technologies, and improving on existing technologies, with the goal of bettering the lives of individuals. It is the owner of a number of patents covering these technologies registered with the United States Patent and Trademark Office.

10.     DCSTAR products, such as those utilizing the '575 Patent, are the result of years of development aimed at providing effective emergency aid. The '575 Patent, specifically, aids individuals who are choking due to an object being caught in the windpipe. Its proprietary suction technology dislodges the item with life-saving results.

11.     DCSTAR, its affiliates and licensees, manufacture, distribute market, and retail products utilizing the '575 Patent.

12.     The Defendants have not been authorized or licensed to use the '575 Patent.

13.     The Defendants infringe the '575 Patent, literally or under the doctrine of equivalents, through their activities connected to their use, manufacture, sale, offer for sale, and importation of infringing products.

## CAUSE OF ACTION
### Infringement of U.S. Patent No. 11,478,575

14.     DCSTAR re-alleges and incorporates by reference Paragraphs 1-13 of its Complaint.

15.     DCSTAR is the current exclusive lawful owner and assignee of all right, title, and interest in and to the '575 Patent titled "Removal Device for Removing Obstruction in Respiratory Tract and Connector", which was duly and legally issued by the United States Patent and Trademark Office on October 25, 2022, with named inventor Ligui He, and named applicant and assignee DCSTAR INC. Attached hereto as **Exhibit 1**, is a true and correct copy of the '575 Patent.

16.     The '575 Patent is valid and enforceable and has been in full force and effect since its issuance.

17.     DCSTAR is informed and believes, and thereon alleges, that the Defendants have infringed and, unless enjoined, will continue to infringe the '575 Patent in violation of 35 U.S.C. § 271  by making, using, selling, offering for sale, importing into the United States, and/or supplying or causing to be supplied, without authority or license, products, and/or methods

performed by and/or attributable to equipment, that practice one or more claims of the '575 Patent, including but not limited to proprietary suction technology, and components thereof (herein the "Infringing Products").

18.    Representative claim 1 of the '575 Patent, reproduced below with the addition of the labels [a], [b], [c], and [d] corresponding to parts of the claim, is as follows:

A removal device for removing an obstruction in a respiratory tract, the removal device comprising a collapsible gasbag, a connector and a face mask which are sequentially connected,

[a] wherein the collapsible gasbag is internally provided with a gas storage cavity, a top of the collapsible gasbag is sealed, and a bottom of the collapsible gasbag is provided with an opening in communication with the gas storage cavity;

[b] an upper side of the connector is hermetically connected to the opening, and the connector is provided with a first check valve and a second check valve, a first gas outlet end of the first check valve is in communication with the gas storage cavity, a second gas inlet end of the second check valve is in communication with the gas storage cavity, and a second gas outlet end of the second check valve is in communication with the outside; and

[c] an upper side of the face mask is hermetically connected to a first gas inlet end of the first check valve, and a lower side of the face mask is provided with a flexible annular pad configured to attach to a face,

[d] wherein the connector comprises a bottom plate and the first check valve and the second check valve are arranged on the bottom plate, wherein the first check valve and the second check valve allow gas flow to pass in opposite directions.

19.     The Defendants have infringed and continue to infringe at least Claim 1 of the '575 Patent through their manufacture, marketing efforts, offers for sale, distribution, and/or importation of Infringing Products which utilize all elements of Claim 1, either literally or through the doctrine of equivalents.

20.     On information and belief, the Defendants have actual knowledge of DCSTAR's rights in its '575 Patent as Defendants use images and marketing materials taken from DCSTAR's, and its licensees,  marketing and product listings. Those listings include a written patent certification in which is affixed the word "patent" along with the patent number for the '575 Patent as required by 35 U.S.C. § 287.

21.     Defendants are not and have never been licensed or authorized to use the '575 Patent. Defendants directly infringe the '575 Patent, and at least representative Claim 1, by using, offering for sale, marketing, and/or importing, without authority, the Infringing Products.

22.     As a result of the Defendant's infringement of the '575 Patent, DCSTAR has been damaged. DCSTAR is entitled to recover for damages sustained as a result of Defendant's wrongful acts in an amount to be determined.

23.     DCSTAR is informed and believes, and thereon alleges, that the infringement of the '575 Patent by Defendants has been and continues to be willful. The Defendants have long been aware of the '575 Patent and their need to license the same. Yet Defendants continue to infringe in a wanton, malicious, and reckless disregard for DCSTAR's patent rights. Such actions are and continue to be consciously wrongful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1) That Defendants have infringed, and unless enjoined, will continue to infringe, the '575 Patent;

2) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from further acts of infringing, inducing infringement, and/or contributing to the infringement of the '575 Patent, including:

    a.  shipping, delivering, holding for sale, distributing, returning, transferring, storing, making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any Infringing Products;

    b.  aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the '575 Patent; and

    c.  effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

3) That Defendants have willfully infringed Plaintiff's rights in its '575 Patent, pursuant to 35 U.S.C. § 271.

4) That Plaintiff be awarded Defendants' profits and any other damages as appropriate under 35 U.S.C. § 284, together with interest and costs.

5) That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendants' infringement of the '575 Patent.

6) That Defendant be ordered to pay prejudgment and postjudgment interest on the damages assessed;

7) A finding that this case is exceptional under 35 U.S.C. § 285 such that Plaintiff be awarded its reasonable attorneys' fees and costs; and,

8) Any and all other relief that this Court deems just and proper.


Dated: April 7, 2025                        Respectfully submitted,

                                            /s/ Alison K. Carter
                                            Ann Marie Sullivan
                                            Alison K. Carter
                                            Gouthami V. Tufts
                                            John J. Mariane

                                            SULLIVAN & CARTER, LLP
                                            111 W. Jackson Blvd. Ste 1700
                                            Chicago, Illinois 60604
                                            www.scip.law
                                            929-724-7529
                                            a.carter@scip.law

                                            ATTORNEYS FOR PLAINTIFF